**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-23745-ALTMAN**

COMMODITY FUTURES
TRADING COMMISSION,

*Plaintiff*,

v.

TRADERS DOMAIN FX LTD. *d/b/a*,
THE TRADERS DOMAIN, *et al.*,

*Defendants.*
_______________________________________/

Kelly M. Crawford, as Receiver of
TRADERS DOMAIN FX LTD. *d/b/a*,
TRADERS DOMAIN, *et al.*,

**ANC. CASE NO.: 26-cv-24302-XXXX**

Plaintiff,

v.

Haimov Jewelers, LLC, Alixstair Burton Exec Force, LLC, EVF Investment Group, LLC, Spur Ridge Holdings, LLC, Speed Gallery Miami, LLC, Miller Motorcars, Inc., Putnam Leasing Company, Inc., Luxuri Management, LLC, Midnight Express Powerboats Forzo, Inc., TTT Funding, LLC, Blue Water Marine Service, Inc., Motorcars Leasing, LLC, A Suburban Auto Imports, Inc., Elif Fine Jewelry Prive Porter BCC, LLC, Carrio Motor Cars, Inc., Timepiece Trading, LLC, Betsey Ochoa, Miami Luxury, LLC, Sabrina De Leon, LA Exotic Watches, LLC, VIP Jewelry, Inc., Clarity Custom Jewelry, Inc., Rem Motors, LLC, and Fields Motorcars of Florida, Inc.,

Defendants.
_______________________________________/

**DEFENDANT, CARRIO MOTOR CARS, INC.'S,**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, CARRIO MOTOR CARS, INC., ("Carrio"), by and through his undersigned counsel, hereby files its Answers and Affirmative Defenses and states as follows:

1. Carrio admits the allegations contained in Paragraphs 105 of the Complaint.

2. Carrio is without knowledge and therefore denies the allegations contained in Paragraphs 1 through 15, 18 though 104, 107 through 126, 129, 138, 142 through 143 and 146 of the Complaint.

3. Carrio denies all other allegations contained in the Complaint.

**AFFIRMATIVE DEFENSES**

Carrio states the following affirmative defenses to Plaintiff's Complaint and reserves the right to amend these defenses based on information learned during discovery or as the facts warrant:

4. Plaintiff's claim should be dismissed as it is an improper shotgun pleading combining multiple alleged fraudulent transfers against different Defendants that are unrelated to each other all in the same counts of the Receiver's Complaint.

5. Any money that Carrio allegedly received as alleged in the Receiver's Complaint was received in good faith and in exchange for reasonably equivalent value that benefited the Receivership Entities or their alter-egos. The funds received by Defendant were exchanged for a valid motor vehicle lease that conferred substantial economic value upon the transferor. Although the leased vehicle was delivered to an individual, that individual has been adjudicated to be the alter ego of the transferor. As a matter of law, the economic benefit conferred upon the alter ego constitutes value received by the transferor itself. Accordingly, the transfers were supported by reasonably equivalent value and are not avoidable under Chapter 726, Florida Statutes.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel. Plaintiff has asserted, or a court of competent jurisdiction has determined, that the individual receiving the leased vehicle was the alter ego of the transferor. Having taken or benefited from that position, Plaintiff is estopped from now asserting that the transferor received no value because the leased vehicle was delivered to a legally distinct third party.

7. Plaintiff's claims are barred by the doctrine of equitable estoppel because Plaintiff seeks to treat the transferor and the individual as the same entity for purposes of liability while simultaneously treating them as separate entities solely to establish an alleged lack of consideration. Such inconsistent positions are inequitable and legally impermissible.

8. The individual who received the leased vehicle was the alter ego of the transferor. Because the corporate form has been disregarded, the transferor and the individual constitute a single economic entity. Accordingly, the benefits conferred upon the individual constitute benefits conferred upon the transferor, defeating Plaintiff's claim that the transferor received no value.

9. Plaintiff cannot establish that creditors suffered any legally cognizable injury as a result of the challenged transfers. The transferor received value substantially equivalent to the payments made, and therefore its estate was not depleted.

10. Carrio was not the transferee of said funds and as such cannot be liable for the claims raised by the Receiver in his Complaint.

11. Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff, recoupment, and contractual indemnification. Prior to the transactions alleged in the Complaint, Carrio entered into a valid and enforceable agreement with the individual who has since been adjudicated to be the alter ego of the receivership entity. Pursuant to that agreement, the alter ego

expressly agreed to defend, indemnify, and hold Carrio harmless from and against any and all claims arising out of or relating to the transactions that are the subject of this litigation, including the claims asserted by Plaintiff. The individual indemnitor has been judicially determined to be the alter ego of the entity presently in receivership. As a consequence of that determination, the alter ego and the receivership entity are deemed to constitute a single legal and economic entity, and the contractual obligations undertaken by the alter ego are attributable to and enforceable against the receivership estate. Plaintiff, standing in the shoes of the receivership entity, acquires no greater rights than those possessed by the receivership entity itself and takes the estate subject to all defenses, offsets, recoupment rights, contractual obligations, and indemnification liabilities existing as of the commencement of the receivership. Accordingly, any liability that Carrio may owe to Plaintiff is offset, reduced, or entirely barred by the receivership entity's corresponding contractual obligation to indemnify Carrio for the very claims asserted in this action. Further, Plaintiff seeks affirmative recovery arising out of the same transactions that gave rise to the contractual indemnification obligation. Accordingly, Carrio is entitled to recoupment of all damages, costs, expenses, and attorneys' fees recoverable under the indemnification agreement, which arise from the same integrated transaction and therefore operate to reduce or eliminate any recovery sought by Plaintiff. To the extent Plaintiff establishes any entitlement to relief, which Carrio expressly denies, Carrio is entitled to an offset, setoff, recoupment, credit, and/or judgment over against Plaintiff in an amount equal to all sums Plaintiff seeks to recover, together with all attorneys' fees, litigation expenses, defense costs, and other damages recoverable pursuant to the parties' indemnification agreement, thereby reducing or completely extinguishing Plaintiff's claims.

12. Carrio adopts any affirmative defenses raised by any Co-Defendant in this matter and incorporates the defenses as if more fully set forth herein.

**WHEREFORE**, Carrio respectfully prays that this Court enter a final judgment in its favor and against the Receiver, awarding it costs and fees incurred in the defense of this action and grant any further relief this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via *electronically via* CM/ECF registered to receive such notice and /or U.S.P.S Mail First-Class Mail, on this 21st day of July, 2026.

GAMBERG & ABRAMS
4651 Sheridan Street, Suite 200
Hollywood, Florida 33021
Telephone: (954) 981-4411

By: /s/ Jared L. Gamberg, Esq
JARED L. GAMBERG, ESQ.
Florida Bar No. 302510
jaredgamberg@gamberglaw.com
Vdelponte@gamberglaw.com