**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-24302-DPG**

COMMODITY FUTURES
TRADING COMMISSION,
Plaintiff,
v.
TRADERS DOMAIN FX LTD. d/b/a
THE TRADERS DOMAIN, et al.,
Defendants.
_________________________________/

Kelly M. Crawford, as Receiver of
TRADERS DOMAIN FX LTD. d/b/a
TRADERS DOMAIN, et al.
Plaintiff,
v.
HAIMOV JEWELERS, LLC, et al.,
Defendants.
____________________________________/

**DEFENDANT MOTORCARS LEASING, LLC'S NOTICE OF ADOPTION AND JOINDER IN DEFENDANT TIMEPIECE TRADING, LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Motorcars Leasing, LLC ("Motorcars"), pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 10(b), and 12(b)(6), hereby submits Motorcars' Notice of Adoption and Joinder in Defendant, Timepiece Trading, LLC's Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law [ECF No. 56], and in support thereof, states as follows:

1. On August 21, 2026, co-Defendant Timepiece Trading, LLC ("Timepiece") filed its Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law ("Motion to Dismiss") [ECF No. 42].

2. In accordance with the Court's standing Order regarding the filing of joint motions by similarly-situated parties, [ECF No. 4], on August 31, 2026, Motorcars filed its Notice of


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

Adoption and Joinder in Defendant Timepiece's Motion to Dismiss ("Notice of Joinder") [ECF No. 48].

3. As explained in Motorcars' Notice of Adoption, the very same arguments raised by Timepiece in its Motion to Dismiss Plaintiff's Complaint also applied to Motorcars. *Id.*

4. On September 4, 2026, before Plaintiff filed a response to Timepiece's Motion to Dismiss and/or Motorcars' Notice of Joinder in same, Plaintiff filed an Amended Complaint [ECF No. 52].

5. On September 5, 2026, the Court entered an Order denying Timepiece's Motion to Dismiss as moot in light of Plaintiff's Amended Complaint. [ECF No. 54].

6. On September 9, 2026, Timepiece filed its Motion to Dismiss Plaintiff's Amended Complaint. [ECF No. 56]. Once again, the same arguments that Timepiece raises in its Motion to Dismiss Plaintiff's Amended Complaint also apply to Motorcars. Therefore, Motorcars adopts and joins in Timepiece's Motion to Dismiss Plaintiff's Amended Complaint.

7. In support, Motorcars adds the following brief facts and analysis, which further demonstrate that the same arguments raised again by Timepiece also apply to Motorcars and warrant the dismissal of Plaintiff's Amended Complaint.

8. <u>First</u>, Motorcars adopts and joins in Timepiece's Motion to Dismiss the Complaint because like Plaintiff's initial Complaint, the Amended Complaint remains a "shotgun pleading." [ECF No. 56, pp. 3-4]. Similar to Timepiece, by continuing to lump all Defendants together, Plaintiff (still) fails to identify which receivership entity was allegedly insolvent when it paid Motorcars; which transfer(s) to Motorcars purportedly lacked reasonably equivalent value; and/or the specific conduct committed by Motorcars which renders Motorcars' retention of any payments inequitable. Plaintiff's Amended Complaint should therefore be dismissed.


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

9. Motorcars also adopts and joins in Timepiece's argument that Count I of Plaintiff's Complaint fails to state a claim for actual fraudulent transfer. [ECF No. 56, Section B, pp. 4-6]. Similar to Plaintiff's initial Complaint, Exhibit 19 of the Receiver's Amended Complaint applies to Timepiece, and identifies transfers allegedly made to Timepiece between March 2023 and August 2024 by Profit Over Everything, Inc.; Centurion TS Holdings, LLC ("Centurion TS"), and Alpha Trader Firm, LLC ("Alpha Trader"). [ECF No.52, Ex. 19].

10. Exhibit 14 of the Receiver's Amended Complaint applies to Motorcars, and identifies transfers allegedly made to Motorcars between January 2023 and September 2024 by two of the same transferors to Timepiece, *to wit*: Centurion TS and Alpha Trader entities. [ECF No. 52, Ex. 14].

11. Similar to Timepiece, however, as it pertains to Motorcars, Plaintiff's Amended Complaint (still) fails to allege anywhere that Centurion TS and/or Alpha Trader solicited investors, received investor funds, and/or were insolvent at the time that they paid Motorcars in 2023 and 2024. Once again, Plaintiff merely asserts, in conclusory fashion, that "the Receivership Entities" as a group were insolvent and acting "in furtherance of their fraudulent and/or Ponzi scheme." *See* Amended Complaint, [ECF No. 52, at ¶¶133, 134]. As noted by Timepiece, such conclusory statements are insufficient to survive a motion to dismiss. *See Achcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

12. Motorcars also adopts and joins in Timepiece's argument that Count II of Plaintiff's Amended Complaint for constructive fraudulent transfer should be dismissed. [ECF No. 56, Section C, at p. 6]. As to reasonably equivalent value, Plaintiff once again lumps all Defendants together, and alleges in conclusory fashion that "Defendants received the Transfers… without providing reasonably equivalent value." [ECF. No. 52, at ¶144]. Similar to Timepiece,


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

however, Plaintiff does not allege that Motorcars delivered nothing or that it delivered less than what Motorcars was paid for. And as to insolvency, Plaintiff once again fails to allege the financial condition of either Centurion TS or Alpha Trader when the transfers were allegedly made to Motorcars in 2023 and 2024.[1]

13. Motorcars also adopts and joins in Timepiece's argument that Plaintiff's claim for unjust enrichment in Count III of its Amended Complaint fails to state a cognizable claim against Motorcars. [ECF No. 56, Section D, pp. 6-7]. Similar to Timepiece, Plaintiff (still) fails to allege that Motorcars received anything of value for which it provided no consideration; that Motorcars knew the source of any funds; or any additional facts that would support any inference that Motorcars' retention of any monies it received would be inequitable.

14. Lastly, Motorcars adopts and joins in Timepiece's argument that Plaintiff's Amended Complaint fails to satisfy Rule 9(b)'s requirement that any claims that "sound in fraud" must be plead with particularity. [ECF No. 56, Section E, p. 7]. Specifically, in Count I of the Amended Complaint, Plaintiff alleges that "[t]he Receivership Entities had the actual intent to… defraud creditors..., and made the Transfers to defraud creditors." [ECF No. 52, ¶138]. Having plead claims that sound in fraud, Plaintiff is required to identify with particularity each and every transfer alleged to be fraudulent, in addition to specific facts which support the inference of fraudulent intent as to each and every transfer to each and every transferor. By lumping all Defendants together, Plaintiff's Amended Complaint once again violates Rule 9(b) in this regard.

[1] Plaintiff has added paragraphs 124-128 to the Amended Complaint, under the sub-heading "The Collective Transfers." [ECF No. 52, at ¶¶ 124-128]. These "new" allegations, however, do not cure the pleading deficiencies in Plaintiff's Amended Complaint, as they still consist of mere formulaic recitations rather than any specific facts.


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

15. As explained above, Plaintiff's Amended Complaint fails to cure the pleadings deficiencies that warranted the dismissal of Plaintiff's initial Complaint. Plaintiffs' Amended Complaint remains a "shotgun pleading" and fails to allege any specific facts required to state cognizable claims against Motorcars.

WHEREFORE, Defendant, Motorcars Leasing, LLC, respectfully requests that the Court enter an Order dismissing Plaintiff's Amended Complaint, and awarding such other and further relief that the Court deems just and proper.

Dated: this 11th day of September, 2026

Respectfully submitted,

**LEGON FODIMAN & SUDDUTH, P.A.**
*Attorneys for Defendant Motorcars Leasing, LLC*
121 Alhambra Plaza, Suite 1505
Coral Gables, Florida 33134
Telephone: (305) 444-9991
Facsimile: (305) 444-9937

By: */s/ Todd A. Fodiman*
TODD A. FODIMAN
Florida Bar No.: 612189
Email: tfodiman@lpflaw.com
JEFFREY A. SUDDUTH
Florida Bar No.: 169950
Email: jsudduth@lpflaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served via CM/ECF on this 11th day of September, 2026, which will provide notice of same to: Counsel of record.

By: */s/ Todd A. Fodiman*
TODD A. FODIMAN