**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-cv-24302**

COMMODITY FUTURES TRADING COMMISSION,

*Plaintiff,*
v.

TRADERS DOMAIN FX LTD. *d/b/a*,
THE TRADERS DOMAIN, *et al.*,

*Defendants.*
_______________________________________________/

Kelly M. Crawford, as Receiver of
TRADERS DOMAIN FX LTD. *d/b/a*,
TRADERS DOMAIN, *et al.*,

*Plaintiff,*
v.

Haimov Jewelers, LLC, Alixstair Burton
Exec Force, LLC, EVF Investment Group, LLC,
Spur Ridge Holdings, LLC, Speed Gallery Miami, LLC,
Miller Motorcars, Inc., Putnam Leasing Company, Inc.,
Luxuri Management, LLC, Midnight Express Powerboats,
Forzo, Inc., TTT Funding, LLC, Blue Water Marine Service, Inc.,
Motorcars Leasing, LLC, A Suburban Auto Imports, Inc.,
Elif Fine Jewelry Prive Porter BCC, LLC, Carrio Motor Cars, Inc.,
Timepiece Trading, LLC, Betsey Ochoa,
Miami Luxury, LLC, Sabrina De Leon,
LA Exotic Watches, LLC, VIP Jewelry, Inc.,
Clarity Custom Jewelry, Inc., Rem Motors, LLC, and
Fields Motorcars of Florida, Inc.,

*Defendants.*
_______________________________________________/

**DEFENDANT MIDNIGHT EXPRESS POWERBOATS MOTION TO DISMISS THE AMENDED COMPLAINT [ECF #52]**

Defendant, MIDNIGHT EXPRESS POWERBOATS INC., (identified in the Complaint as Midnight Power Boats) by and through undersigned counsel, files this Motion to Dismiss the

Amended Complaint [ECF# 52] filed by Kelly M. Crawford, as Receiver of TRADERS DOMAIN FX LTD. d/b/a TRADERS DOMAIN, et al, states as follows:

**INTRODUCTION**

The Receiver's Amended Complaint seeks to recover payments allegedly made by various entities now in receivership to more than two dozen unrelated businesses across the country, including Midnight Express Powerboats, Inc.. The Amended Complaint consists of 157 paragraphs of which two specifically pertain to Midnight Express Powerboats. Those paragraphs allege Midnight Express is a corporation in the State of Florida (Paragraph 89) and that "Receiverhip Entities "sent $550,000 to Midnight Express Powerboats for a net gain to Midnight Express of $550,000.00 (Paragraph 90). In addition, the Amended Complaint included as Exhibit 10 a spreadsheet purporting to document a Nov 5, 2021, Check to Midnight Express Powerboats and a Domestic Wire to Midnight Express Powerboats bot issued by Block Consulting.

The Amended Complaint then asserts three counts against all defendants collectively, each of which incorporates the initial 128 paragraphs of the Amended Complaint. The Amended Complaint does not plead why any particular payment was anything other than an arm's-length purchase or bona fide purchase.

The Amended Complaint should be dismissed. It is a shotgun pleading that fails to state a plausible claim against Midnight Express Powerboats under Rules 8(a) and 12(b)(6), and, as to Count I, under Rule 9(b). Counts I and II assert claims under sections 726.105(l)(a), 726.105(1)(b), and 726.106(1), Florida Statutes, and Count III asserts unjust enrichment. Each count "repeats, re-alleges, and incorporates by reference" paragraphs 1 through 128 of the Amended Complaint Counts I, II and III are plead against "Defendants" jointly without

delineation of specific acts supporting the allegations of fraudulent transfers or unjust enrichment as to Defendant Midnight Express.

**The Complaint Is an Impermissible Shotgun Pleading.**

The Eleventh Circuit has identified four categories of "shotgun" pleadings that violate Rules 8(a)(2) and l0(b). They are: complaints in which each count adopts the allegations of all preceding counts; complaints replete with conclusory, vague, and immaterial facts; complaints that do not separate claims into distinct counts; and complaints that assert multiple claims against multiple defendants without specifying which defendant is responsible for which acts. *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1321-23 (11th Cir. 2015). Courts in this Circuit "have little tolerance for shotgun pleadings," which "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation omitted).

The Amended Complaint before this Court count adopts the allegations of all preceding counts; it is replete with conclusory, vague, and immaterial facts and asserts multiple claims against multiple defendants without specifying which defendant is responsible for which acts.

In addition, the Amended Complaint fails to state valid claims under Florida Statute 726.105(1)(a); 726.105(1)(b) and 726.106(1). Section 726.105(1)(a) renders a transfer voidable as to a creditor if the debtor made the transfer "[ w ]ith actual intent to hinder, delay, or defraud any creditor of the debtor." *§726.105(1 )(a), Fla. Stat.* The Receiver attempts to satisfy this element wholesale by alleging that "the Receivership Entities" were operating a Ponzi scheme. Even assuming that a properly pleaded Ponzi scheme supports an inference of the transferor's intent, see *Wiand v. Lee,* 753 F.3d 1194, 1201 (11th Cir. 2014), the inference attaches to the

specific debtor that made the specific transfer, assuming that a properly pleaded Ponzi scheme supports an inference of the transferor's intent, see *Wiand v. Lee,* 753 F.3d 1194, 1201 (11th Cir. 2014), the inference attaches to the specific debtor that made the specific transfer.

Count I of the Amended Complaint does not plead the transfers with the required specificity as to Defendant Midnight Express to satisfy the statutory requirement. The Amended Complaint does not show that the payment to the Defendant Midnight Express was anything outside of an ordinary commercial transaction regarding the sale of goods. In addition, a claim that "sounds in fraud" must be pleaded with particularity under Rule 9(b). See *Lamm v. State St. Bank & Tr.,* 749 F.3d 938, 951 (11th Cir. 2014). Count I, which alleges transfers made with "actual intent to ... defraud," is such a claim. To the extent Rule 9(b) applies to an actual-fraudulent-transfer claim brought by a receiver, it requires, at a minimum, that the Receiver identify with particularity the transfers alleged to be fraudulent, the transferor, and the facts supporting the inference of fraudulent intent as to that transferor, rather than lumping all defendants and all transferors together. See *Brooks,* 116 F.3d at 1371 (Rule 9(b) not satisfied where plaintiffs "lumped together" all defendants in allegations of fraud). Count I of the Amened Complaint should therefore be dismissed.

Count II of the Amended Complaint is similarly deficient. Sections 726.105(1)(b) and 726.106(1) each require, as an element of the claim, that the debtor made the transfer "[w]ithout receiving a reasonably equivalent value in exchange," coupled with the debtor's insolvency or unreasonably small capital at the time of the transfer. *§§726.105(1)(b), 726.106(1 ), Fla. Stat.* The Amended Complaint consists purely of conclusory allegations and buzz words without specifically pleadings facts supporting the conclusions. It should therefore be dismissed.

Count III of the Amended Complaint is for Unjust Enrichment. Unjust enrichment under Florida law requires that the plaintiff conferred a benefit on the defendant, that the defendant voluntarily accepted and retained it, and that the circumstances make it inequitable for the defendant to retain the benefit without paying its value. Again, the Amended Complaint lacks specific facts supporting its conclusory allegations that allowing the Defendant to retain monies paid in a commercial transaction for services rendered or goods sold is inequitable or unreasonable. A commercial vendor that is paid for merchandise or services is not unjustly enriched merely because its customer later turns out to have been a wrongdoer. There is no allegation of fact that Midnight Express did not perform services or provide goods for the monies paid. The absence of facts to support the assertion of an improper windfall to the Defendant requires dismissal of the claim for unjust enrichment. *Craig v. Nova Se. Univ.*, No. 20-CV-23818-RAR, 2023 LX 86471, at *22 (S.D. Fla. May 23, 2023).

WHEREFORE, Defendant, Midnight Express Powerboats, respectfully requests that this Honorable Court enter an Order dismissing the Amended Complaint and for any further relief this Court deems just and necessary.

Respectfully submitted,

*By:/s Christopher R. Fertig*
CHRISTOPHER R. FERTIG ESQ.
Florida Bar No.: 218421
chris.fertig@fertig.com
**FERTIG & GRAMLING**
200 S.E. 13th Street
Fort Lauderdale, FL 33316
Telephone: 954-763-5020
Facsimile: 954-763-5412
*Counsel for Defendant Midnight*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing document is being served this day on all counsel or parties of record.

*By:/s Christopher R. Fertig*
CHRISTOPHER R. FERTIG ESQ.
Florida Bar No.: 218421
chris.fertig@fertig.com