**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-24302-DPG**

Kelly M. Crawford,

Plaintiff,

v.

Haimov Jewelers, LLC, *et al.,*

Defendants.
_________________________________________/

**RESPONSE TO TIMEPIECE TRADING, LLC'S MOTION TO DISMISS**

Plaintiff, Kelly M. Crawford (the "Receiver"), responds to Defendant, Timepiece Trading, LLC's Motion to Dismiss [ECF No. 56], and states:

**SUMMARY**

The motion to dismiss should be denied because the Amended Complaint properly asserts claims for fraudulent transfers and for unjust enrichment against Timepiece Trading, LLC to recover a total net gain of $164,306.50 from the Receivership Entities involved in the underlying Traders Domain Ponzi scheme. The Amended Complaint easily satisfies the exceedingly low pleading threshold required to survive a motion to dismiss. It details the underlying Ponzi scheme orchestrated by the Receivership Entities giving rise to the Receiver's claims, and includes factual detail related to the transfers received by the Defendant, including the date of each transfer, the identity of the transferor entity, the bank account from which each transfer came, and specific amounts.

Further, the Amended Complaint as not a shotgun pleading and provides adequate notice of each of the claims against Defendant.

## I. The Motion to Dismiss Should be Denied, as the Amended Complaint Satisfies the Low Pleading Threshold of Rule 8(a).

The Amended Complaint sufficiently pleads the elements of the Receiver's claims for actual and constructive fraudulent transfers and unjust enrichment under Florida law. The Amended Complaint details with specificity the Ponzi scheme that was orchestrated by the Receivership Entities, thus giving rise to the Receiver's claims in this action. *See* Amended Complaint, ECF No. 52 at ¶¶ 31-68. Then, the Receiver details the amount of the net gain received by Timepiece Trading:

> During the Relevant Period, Timepiece Trading, LLC sent $444,500.00 in transfers to the Receivership Entities, and the Receivership Entities sent the total amount of $608,806.50 to Timepiece Trading, LLC, for a total net gain to Timepiece Trading, LLC of $164,306.50 (collectively, the "Timepiece Trading, LLC Transfers"). *See* Schedule of Timepiece Trading, LLC Transfers, attached as **Exhibit 19**.

*Id.* at ¶ 109. The Receiver also attached to the Amended Complaint an exhibit detailing each transfer which the Receiver seeks to recover by date, the identity of the Receivership Entity that made the transfer, the bank account from which the transfer came, and the specific dollar amount. *See* Am. Compl. at Exhibit 19.

The Receiver further detailed that:

> 125. The funds comprising the Transfers to Defendants were funds that the Receivership Entities fraudulently obtained from customers in the form of commissions, fees and/or other payments in connection with the scheme described above.
>
> 126. Defendants received the Transfers without providing reasonably equivalent value to the Receivership Entities in exchange for the Transfers.

*Id.* at ¶¶ 125-126. And the wherefore clause in each count of the Amended Complaint specifies that the Receiver is seeking "a money judgment against each Defendant[sic], in the full amount of the Transfers *to that Defendant*[.]" *Id.* at pp. 27-28, and 30 (emphasis added).

These facts are sufficient to satisfy the low pleading standard. "The threshold is 'exceedingly low' for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted." *See Perlman v. Five Corners Inv'rs I, LLC*, 2010 U.S. Dist. LEXIS 26915, at *5 (S.D. Fla. Mar. 15, 2010). A plaintiff only needs to plead enough facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating the sufficiency of a complaint for purposes of a motion to dismiss, the well pleaded facts must be accepted as true and construed in a light most favorable to the plaintiff. *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Pursuant to Rule 8, the complaint must provide a short and plain statement of the claims showing entitlement to relief, but a plaintiff is not required to "allege a specific fact to cover every element or allege with precision each element of a claim." *Id.* at 683.

Accordingly, the Motion to Dismiss should be denied.

**A. The Actual Fraudulent Transfer Claims are Adequately Pled.**

The Receiver adequately pleaded claims for actual fraudulent transfers. Under Florida law, a transfer is voidable under a theory of "actual fraud" if it is done "with actual intent to hinder, delay, or defraud any creditor." § 726.105(1)(a), Fla. Stat. The requisite "actual intent" is that of the transferor and can be inferred from the existence of a Ponzi scheme. *See In re McCarn's Allstate Fin., Inc.*, 326 B.R. 843, 845 (M.D. Fla. 2005) ("[e]stablishing the existence of a Ponzi scheme is sufficient to prove a debtor's actual intent to defraud under . . . the Florida fraudulent transfer provision found in Florida Statutes section 726.105."); *In re World Vision Entm't, Inc.*,

275 B.R. 641, 656 (Bankr. M.D. Fla. 2002) ("In cases involving a Ponzi scheme, the analysis is simplified because fraudulent intent is inferred.").

As detailed in the Amended Complaint, "[t]he Receivership Entities had the actual intent to delay, hinder, or defraud creditors, and made the Transfers to delay, hinder, or defraud creditors." Am. Compl. at ¶ 138. The Receivership Entities were operating a Ponzi scheme, resulting in the Receivership Entities continuously incurring debts to investors that they could not repay. *Id.* at ¶¶ 37-38, 48, 57, 68. Thus, accepting such allegations as true, as the Court must, the Ponzi presumption applies for purposes of establishing actual fraud under section 726.105(1)(a), Florida Statutes as to Defendants.

And, as detailed above, the Receiver has detailed the transfers at issue. As such, the motion to dismiss should be denied as to Count I.

**B. The Constructive Fraudulent Transfer Claims are Adequately Pled.**

Similarly, the Receiver adequately pleaded claims for constructive fraudulent transfers. Constructive fraudulent transfer claims require a showing that the transferor did not receive reasonable value in exchange for the transfer, and the transferor either (1) was engaged or was about to engage in a business or a transaction for which the remaining assets of the transferor were unreasonably small in relation to the business or transaction or (2) intended to, believed, or reasonably should have believed that he or she would incur debts beyond his or her ability to pay them as they became due. *See* § 726.105(1)(b)(1)-(2), Fla. Stat. Alternatively, a transfer is constructively fraudulent when a debtor makes a transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent as a result of the transfer. *See* § 726.106(1), Fla. Stat.

The Amended Complaint asserts that Defendants "received the Transfers from the Receivership Entities without providing reasonably equivalent value in exchange for the Transfers" which were comprised of ill-gotten Ponzi scheme proceeds. Am. Compl. at ¶¶ 126, 144. Further, it is alleged that the Receivership Entities were insolvent at the time of making the transfers because their remaining assets were unreasonably small in relation to the business or transaction, and the Receivership Entities intended to incur, or believed, or reasonably should have believed they would incur, debts beyond their ability to pay as they became due. Am. Compl. at ¶¶ 147, 150.

And, as a matter of law, a Ponzi scheme is insolvent from inception, so the detailed allegations in the Amended Complaint form an adequate basis for the Receiver's constructive fraudulent transfer claims, both of which require a showing of insolvency, unreasonably few assets, or an inability to pay debts. *See Wiand v. Buhl,* 2011 U.S. Dist. LEXIS 140192, at *15 (M.D. Fla. Nov. 3, 2011), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 140189, at *3 (M.D. Fla. Dec. 3, 2011) (constructive fraudulent transfer claims adequately pled where complaint establishes underlying Ponzi scheme); *see also In re Ramirez Rodriguez*, 209 B.R. 424, 430-31 (S.D. Tex. 1997) ("The promised rate of return renders a Ponzi scheme operator insolvent from the scheme's inception, because the returns exceed any legitimate investments.").

Accepting the allegations in the Amended Complaint as true, the claims for constructive fraudulent transfers are more than adequately pled.

Defendant's argument that the Receiver's constructive fraudulent transfer claims require additional facts showing lack of reasonably equivalent value and the relevant financial conditions of each transferor entity is erroneous, as the Receiver is not required to plead around Defendant's anticipated affirmative defenses. *See Morera v. Unitedhealthcare Ins. Co.,* 757 F. Supp. 3d 1308,

1313 (S.D. Fla. 2024) (denying motion to dismiss for failure to state a claim and explaining that a plaintiff is not required to plead around affirmative defenses in its complaint).

As such, the motion to dismiss should be denied as to Count II.

**C. The Unjust Enrichment Claims are Adequately Pled.**

The Receiver adequately pleaded claims for unjust enrichment. To state a claim for unjust enrichment under Florida law, a plaintiff must allege facts that, if taken as true, would show: (1) a benefit was conferred on defendant; (2) defendant either requested the benefit or knowingly and voluntarily accepted it; (3) a benefit flowed to defendant; and (4) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying the value thereof. *See W.R. Townsend Contr., Inc. v. Jensen Civ. Constr., Inc.*, 728 So. 2d 297, 303 (Fla. 1st DCA 1999).

Here, the Amended Complaint adequately alleges each of the elements for unjust enrichment and includes particular details related to the benefits conferred on, and retained by, Defendants – $164,306.50. *See* Am. Compl. at Count III and Exhibit 19. Further, the Amended Complaint alleges that such benefits were knowingly and voluntarily accepted by the Defendant and, under the circumstances, it would be inequitable for the Defendant to retain such benefits without paying the value. *Id.* at ¶¶ 155-56.

Defendants assert that the Receiver is required to include additional factual details regarding Defendant's apparent position that it entered into a purchase and sale transaction; however, the Receiver is unaware of such facts and is not obligation to allege facts supporting Defendant's alleged affirmative defenses in its complaint.

Taking the allegations in the Amended Complaint as true and in the light most favorable to the Receiver, the claims for unjust enrichment must also stand.

**D. The Amended Complaint is Not a Shotgun Pleading.**

The Amended Complaint is not a shotgun pleading. The common types of shotgun pleadings are: (1) a complaint containing multiple counts that each adopt the allegations of all preceding counts; (2) a complaint with conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) a complaint that fails to separate each cause of action or claim for relief into distinct counts; or (4) a complaint that combines multiple claims against multiple defendants without specifying which defendant is responsible for which act. *Graux v. Universal Music Grp., Inc.*, 2025 U.S. Dist. LEXIS 108468, at *6-7 (S.D. Fla. June 6, 2025) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). The key feature of shotgun pleadings is that they fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland,* 792 F.3d at 1323. Dismissal on this basis is appropriate only where "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (emphasis added).

The Amended Complaint bears no resemblance to a shotgun pleading. The Amended Complaint does not include counts that incorporate all preceding counts, rather, only the relevant factual allegations are incorporated into each count. *See e.g.*, Am. Compl. at ¶¶ 129, 141, 153. As detailed above, the Amended Complaint provides detailed information related to the specific transfers received by the Defendant by specific Receivership Entities. *Id.* at ¶¶ 108-109 and Ex.19). The Amended Complaint also includes extensive details related to the Ponzi scheme orchestrated by various receivership defendants and the entities owned and controlled by them (*Id.* at ¶¶ 39-71) and their commingling and misappropriation of customer funds (*Id.* at ¶¶ 46-58, 57, 66, 71). As such, the Amended Complaint contains "sufficient factual matter, accepted as true, to

state claim[s] to relief that [are] plausible on [their] face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

The wherefore clauses in the Amended Complaint additionally specify that the Receiver is seeking "a money judgment against each Defendant[sic], in the full amount of the Transfers to that Defendant[.]" Am. Compl. at 27-28, 30. Therefore, the Amended Complaint satisfies the threshold pleading requirements of Rule 8(a).

Defendant's assertion that it cannot distinguish the claims against it are belied by the fact that its motion effectively summarizes the specific causes of action and related factual allegations and identifies the specific portions of the Amended Complaint which assert the threshold information related to the subject transfers. *See* Motion at 2-3. Courts frequently use a defendant's accurate summarization of the relevant claims and underlying factual support in their motions to dismiss as evidence that a purported shotgun pleading was not so unclear as to merit dismissal. *See Peragine v. Fla. D.O.T.*, 2025 U.S. Dist. LEXIS 153975, at *9 (S.D. Fla. Aug. 7, 2025) (denying motion to dismiss complaint as shotgun pleading because "Defendant was sufficiently put on notice as to the claims against it that Defendant was capable of filing a detailed motion to dismiss containing arguments segregated by count."); *Bivens v. Coffee Cty.*, 2021 U.S. Dist. LEXIS 138835, at *10 (S.D. Ga. July 26, 2021) (denying motion to dismiss complaint as shotgun pleading where "Defendants clearly understand the claims against them and which facts underpin those claims, as is demonstrated by the remaining arguments in their motion to dismiss").

Defendant's argument that the Receiver needs to additionally specify "what [Defendants] sold, to whom, for what price, [] why any particular payment was anything other than an arm's-length purchase" or "which transfer . . . lacked reasonably equivalent value, or what conduct by [Defendants] renders retention of any payment inequitable" is erroneous. Such facts, if any exist,

would be the Defendant's burden to prove as an affirmative defense. The Receiver is not required to plead around Defendant's anticipated affirmative defenses. *See Morera*, 757 F. Supp. 3d at 1313 (S.D. Fla. 2024).

Also, a Receiver asserting a fraudulent transfer claim is not required to meet the heightened pleading standard applicable to fraud claims under Rule 9(b). *See Perlman*, 2010 U.S. Dist. LEXIS 26915 at *5. Accordingly, the Motion should be denied, as the Amended Complaint is not a shotgun pleading. Alternatively, and in an abundance of caution, the Receiver requests leave to amend the operative complaint to address any pleading deficiencies. *See Island Wifi Ltd., LLC v. AT&T Mobility Nat'l Accounts LLC*, 2020 U.S. Dist. LEXIS 263460, at *3 (S.D. Fla. Nov. 20, 2020) (leave to amend should be "freely given" absent "'any apparent or declared reason – such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . futility of amendment, etc.'").

WHEREFORE, the Court should deny Defendant's motion to dismiss because the Receiver has adequately pled every element of a fraudulent transfer claim under sections 726.105(1)(a) (Count I – actual fraud), and sections 726.105(1)(b) and 726.106(1) (Count II – constructive fraud) respectively, and unjust enrichment (Count III).

Respectfully submitted,

*/s/ Russell Landy*
Russell Landy
Florida Bar No. 44417
Email: rlandy@dvllp.com
Vincenzo Lamonica
Florida Bar No. 1058073
Email: vlamonica@dvcattorneys.com
DAMIAN | VALORI | CULMO
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2026, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Florida, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*/s/Russell Landy*
Russell Landy