**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-24302-DPG**

COMMODITY FUTURES
TRADING COMMISSION,
Plaintiff,
v.
TRADERS DOMAIN FX LTD. d/b/a
THE TRADERS DOMAIN, et al.,
Defendants.
_________________________________/
Kelly M. Crawford, as Receiver of
TRADERS DOMAIN FX LTD. d/b/a
TRADERS DOMAIN, et al.
Plaintiff,
v.
HAIMOV JEWELERS, LLC, et al.,
Defendants.
____________________________________/

**DEFENDANT MOTORCARS LEASING, LLC'S MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 52] AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Motorcars Leasing, LLC ("Motorcars"), pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 10(b), and 12(b)(6), hereby files this Motion to Dismiss the Amended Complaint filed by Kelly M. Crawford, as Receiver of Traders Domain FX Ltd., d/b/a Traders Domain (the "Receiver" or "Plaintiff") [ECF No. 52], and in support thereof, states as follows:

**INTRODUCTION**

In the Amended Complaint [ECF No. 52] filed in this action, the Receiver seeks to recover payments that were allegedly made by various entities now in receivership (the "Receivership Entities") to approximately two dozen businesses, including Motorcars. Despite encompassing more than 30 pages and 157 paragraphs, only two paragraphs of the entire Amended Complaint are devoted to Motorcars (Paragraphs 97 and 98), wherein the Receiver merely alleges that: (1) Motorcars is a limited liability company in the State of Florida; and (2) during the Relevant Period,

the Receivership Entities sent the total sum of $339,633.80 to Motorcars, for a total net gain to Motorcars of $339,633.80. The Receiver also attaches Exhibit 14 to its Amended Complaint, which consists of a chart identifying transfers allegedly made to Motorcars between January 2023 and September 2024 by Centurion TS and Alpha Trader entities. [ECF No. 52, Ex. 14].

The Receiver then asserts three (3) claims against all defendants collectively, including Motorcars, consisting of: (1) fraudulent transfer under Fla. Stat. §726.105(1)(a), Florida's Uniform Fraudulent Transfer Act (Count I); (2) fraudulent transfer under Fla. Stat. §§726.105(1)(b) and/or 726.106(1), Florida's Uniform Fraudulent Transfer Act (Count II); and (3) unjust enrichment (Count III).

The Amended Complaint should be dismissed for at least five (5) reasons, as demonstrated below. First, despite the Receiver's amendment, the Amended Complaint still constitutes an impermissible shotgun pleading. Second, the Receiver's bare-bones, conclusory allegations do not satisfy the heightened pleadings requirements of Fed. R. Civ. P. 9(b). Third, Count I of the Amended Complaint fails to state a cognizable claim against Motorcars for actual fraudulent transfer. Fourth, Count II of the Amended Complaint for constructive fraudulent transfer does not state a cognizable claim because it fails to allege that Motorcars delivered either nothing or less than what it was paid for. Fifth, Count III of the Amended Complaint for unjust enrichment fails to state a cognizable claim, insofar as it fails to allege any specific facts which, even if assumed to be true, would render it inequitable and/or unreasonable for Motorcars to retain the monies it was allegedly paid. For these reasons, the Amended Complaint should be dismissed.

## I. Plaintiff's Amended Complaint is an Impermissible Shotgun Pleading.

The Eleventh Circuit has identified four (4) categories of "shotgun" pleadings that violate Fed. R. Civ. P. 8(a)(2) and 10(b), including: (a) complaints in which each count adopts the


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

allegations of all preceding counts; (b) complaints replete with conclusory, vague, and immaterial facts; (c) complaint that do not separate claims into distinct counts; and (d) complaints that assert multiple claims against multiple defendants without specifying which defendant is responsible for which acts. *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F. 3d 1313, 1321-23 (11th Cir. 2015).

Here, the Amended Complaint violates at least three of these categories. Specifically, the Amended Complaint includes counts that merely adopt the allegations of preceding counts; it is replete with conclusory and vague facts; and it asserts multiple claims against approximately two (2) dozen defendants without specifying which defendant is responsible for which acts.

Furthermore, to prevail on its claims for fraudulent transfer, Plaintiff is required to plead and prove that the Receivership Entities were either insolvent or nearly insolvent when the subject transfers were made, and that the defendant received such transfers without providing reasonably equivalent value for each such transfer. With respect to Motorcars, however, the Amended Complaint fails to identify which Receivership Entity was allegedly insolvent when payment was made to Motorcars; which transfer(s) to Motorcars purportedly lacked reasonably value; and/or the specific conduct attributable to Motorcars which renders its retention of any transfers inequitable. On this basis alone, the Amended Complaint should be dismissed.

## II. Count I of Plaintiff's Amended Complaint Fails to Satisfy Rule 9(b)'s Heightened Pleading Requirements.

Count I of Plaintiff's Amended Complaint is a claim for fraudulent transfer under Fla. Stat.§726.105. In Paragraph 138, Plaintiff alleges that "[t]he Receivership Entities had the actual intent to delay, hinder or defraud creditors, and made the Transfers to delay, hinder or defraud creditors." [ECF No. 52, at ¶138].


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

Under well settled Florida law, a claim that "sounds in fraud" must be plead with sufficiently particularity under Fed. R. Civ. P. 9(b). *See Lamm v. State St. Bank & Tr.,* 749 F. 3d 938, 951 (11th Cir. 2014). To the extent Rule 9(b) applies to actual fraudulent transfer claims brought by the Receiver, the Receiver is required to identify with particularity those transfers that are alleged to be fraudulent, the transferor, and sufficient facts which support Receiver's claim that such transferor acted with the requisite fraudulent intent. Once again, by lumping all defendants together in the manner presented in the Amended Complaint, Plaintiff fails to meet the heightened pleading standard under Fed. R. Civ. P. 9(b).

**III. Count I of Plaintiff's Amended Complaint Fails to State a Cognizable Claim for Actual Fraudulent Transfer.**

Count I of Plaintiff's Amended Complaint also fails to state a legally cognizable claim for actual fraudulent transfer against Motorcars. Fla. Stat. §726.105(a) provides that a transfer is voidable as to a creditor if the debtor made such transfer "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor."

Exhibit 14 of Plaintiff's Amended Complaint applies to Motorcars, and identifies transfers allegedly made to Motorcars between January 2023 and September 2024 by Centurion TS and Alpha Trader entities. [ECF No. 52, Ex. 14].

The Amended Complaint's only allegations about these two (2) entities are that Alejandro Santiesteban owned them and that they, together with Centurion Capital Group, are collectively referred to as "the Centurion Entities." *Id.* at §52. However, the Receiver fails to allege anywhere in the Amended Complaint that Centurion TS and/or Alpha Trader solicited investor funds, received investor funds, and/or were insolvent (or near insolvency) at the time they made payments to Motorcars in 2023 and/or 2024. Rather, Plaintiff merely asserts that "the Receivership Entities" collectively as a group were insolvent and acting "in furtherance of their fraudulent and/or Ponzi


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

scheme." *See* Amended Complaint, [ECF No. 52, at ¶¶ 133,134]. Such conclusory statements, however, are insufficient to withstand a motion to dismiss. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). For this additional reason, Count I of Plaintiff's Amended Complaint should be dismissed.

**IV. Count II of Plaintiff's Amended Complaint Fails to State a Cognizable Claim for Constructive Fraudulent Transfer.**

In Count II of the Amended Complaint, Plaintiff asserts a claim for constructive fraudulent transfer. To properly assert such claim, Fla. Stat. §§ 726.105(1)(b) and 726.106(1) require that the debtor made the subject transfer(s) "[w]ithout receiving a reasonably equivalent value in exchange," coupled with the debtor's insolvency or unreasonably small capital at the time of the transfers. Once again, Plaintiff alleges these elements in conclusory fashion against all two (2) defendants collectively in the Amended Complaint.

As to the "reasonably equivalent value" element, conspicuously missing from Plaintiff's Amended Complaint are any allegations that Motorcars either delivered nothing or that it delivered less than what Motorcars was paid for. And as to insolvency, Plaintiff once again fails to allege the financial condition of either Centurion TS or Alpha Trader when the subject transfers were allegedly made to Motorcars in 2023 and 2024. Plaintiff's failure to allege these facts warrants the dismissal of Plaintiff's claim for constructive fraudulent transfer.

**V. Count III of Plaintiff's Amended Complaint Fails to State a Cognizable Claim for Unjust Enrichment.**

Lastly, in Count III of the Amended Complaint, Plaintiff asserts a claim for unjust enrichment. Under Florida law, "[a] claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

defendant to retain it without paying the value thereof." *See Virgilio v. Ryland Grp., Inc.,* 680 F. 3d 1329, 1337 (11th Cir. 2012).

In the Amended Complaint, Plaintiff fails to allege that Motorcars received anything of value for which it provided no consideration; that Motorcars knew the source of any funds; or any additional facts that would support any inference that Motorcars' retention of any amounts that it received – by virtue of engaging in an arms-length commercial transaction – would be inequitable. The absence of any facts to support such an inference requires the dismissal of Plaintiff's claim for unjust enrichment.

WHEREFORE, for the reasons stated above, Defendant, Motorcars Leasing, LLC, respectfully requests that the Court enter an Order dismissing Plaintiff's Amended Complaint, and award such other and further relief that the Court deems just and proper.

Dated: this 24th day of September, 2026

Respectfully submitted,

**LEGON FODIMAN & SUDDUTH, P.A.**
*Attorneys for Defendant Motorcars Leasing, LLC*
121 Alhambra Plaza, Suite 1505
Coral Gables, Florida 33134
Telephone: (305) 444-9991
Facsimile: (305) 444-9937

By: *_/s/ Todd A. Fodiman_*
TODD A. FODIMAN
Florida Bar No.: 612189
Email: tfodiman@lpflaw.com
JEFFREY A. SUDDUTH
Florida Bar No.: 169950
Email: jsudduth@lpflaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served via CM/ECF on this 24th day of September, 2026, which will provide notice of same to: Counsel of record.

By: __*/s/ Todd A. Fodiman*_________
TODD A. FODIMAN


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937