**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-24302-DPG**

COMMODITY FUTURES
TRADING COMMISSION,
Plaintiff,
v.
TRADERS DOMAIN FX LTD. d/b/a
THE TRADERS DOMAIN, et al.,
Defendants.
_________________________________/
Kelly M. Crawford, as Receiver of
TRADERS DOMAIN FX LTD. d/b/a
TRADERS DOMAIN, et al.
Plaintiff,
v.
HAIMOV JEWELERS, LLC, et al.,
Defendants.
____________________________________/

**DEFENDANT MOTORCARS LEASING, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Motorcars Leasing, LLC ("Defendant" or "Motorcars"), by and through its undersigned counsel, hereby files its Reply to Plaintiff, Kelly M. Crawford's (the "Receiver" or "Plaintiff") Response to Motorcars' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 79], and in support thereof, states as follows:

## INTRODUCTION

In its Motion to Dismiss, Motorcars argues that Plaintiff's Amended Complaint should be dismissed because the Amended Complaint constitutes an impermissible shotgun pleading, and it fails to allege any specific facts as required under Rule 9(b)'s heightened pleading requirements to state cognizable claims against Motorcars for fraudulent transfer under Florida law.


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

In its Response, Plaintiff argues that Rule 9(b) does not apply to Plaintiff's claims for fraudulent transfer, and that the Amended Complaint alleges sufficient facts to satisfy the low pleading requirements of Rule 8(a). Plaintiff also argues that the Amended Complaint is not a shotgun pleading, and that based upon Motorcars' ability to prepare and make the arguments it raises in its Motion to Dismiss, Motorcars understands the allegations being asserted against it such that it is able to adequately respond to Plaintiff's allegations.

For the reasons explained below, Motorcars respectfully submits that the Amended Complaint is subject to dismissal. Prior decisions from this Court demonstrate that Rule 9(b)'s heightened pleading requirement should apply to Plaintiff's claims for fraudulent transfer, in which case the Amended Complaint fails to state any specific allegations needed to support Plaintiff's claims for fraudulent transfer. Furthermore, despite Plaintiff's argument to the contrary, by lumping approximately two (2) dozen defendants together and failing to allege any specific facts regarding Motorcars, the Amended Complaint constitutes an impermissible shotgun pleading.

## ARGUMENT

### I. Plaintiff's Claims for Fraudulent Transfer Should be Dismissed Because the Amended Complaint Fails to Satisfy the Heightened Pleading Requirements of Rule 9(b).

In the Response, Plaintiff argues that the Amended Complaint satisfies the low pleading threshold of Fed. R. Civ. P. 8(a). *See* Response, at pp. 2-3. [ECF No. 79]. Plaintiff also claims that "a Receiver asserting a fraudulent transfer claim is not required to meet the heightened pleading standard applicable to fraud claims under 9(b)." *Id.* at p. 9.

Motorcars acknowledges that there is authority for Plaintiff's argument that a Receiver is not required to meet the heightened pleading requirements of Rule 9(b) to state a claim for fraudulent transfer. *See, e.g., Perlman v. Five Corners Inv'rs I, LLC,* 2010 U.S. Dist. LEXIS


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

26915, at *10 (S.D. Fla. March 15, 2010). However, there are several decisions from this Court where the heightened pleading requirements of Rule 9(b) have been applied to claims for fraudulent transfer. *See, e.g., Martinez v. Triple Crown Farms, LLC,* 2006 WL 8433294, at *1 (complaint filed by plaintiff as receiver for fraudulent transfer claims met the requirements of Rule 9(b)); *Ben-Yishay, M.D. v. Mastercraft Dev., LLC,* 2009 WL 6387928 at *4 (S.D. Fla. Dec. 14, 2009) (allegations in plaintiffs' complaint for fraudulent transfer under Chapter 726, Florida Statutes, satisfied Rule 9(b)'s pleading requirements).

If the Court, in accordance with prior precedent, applies Rule 9(b)'s heightened pleading requirements to Plaintiffs' fraudulent transfer claims, then Plaintiff's claims for actual fraudulent transfer should be dismissed as a matter of law. In order to prevail on such claim, the Plaintiff must allege (and prove) that the debtor made such transfer "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor."

In the Response, Plaintiff argues that its claims for actual fraudulent transfer are adequately pled because the Amended Complaint includes allegations that: (1) "[t]he Receivership Entities had the actual intent to delay, hinder, or defraud creditors, and made the Transfers to delay, hinder, or defraud creditors." Am. Compl. at ¶138; and (2) "[t]he Receivership Entities were operating a Ponzi scheme, resulting in the Receivership Entities continuously incurring debts to investors that they could not repay." *Id.* at 37-38, 48, 57, 68. Thus, Plaintiff argues, the "Ponzi presumption" applies and "fraudulent intent" is inferred. *See* Response, at pp. 2-3. [ECF No. 79].

Plaintiff's argument overlooks the point made by Motorcars in its Motion to Dismiss. While Plaintiff generally alleges that the "Receivership Entities" engaged in a Ponzi scheme, the transfers alleged in the Amended Complaint involving Motorcars do not provide a sufficient nexus or connection to the generic "Ponzi scheme" of the Receivership Entities alleged by Plaintiff.

Specifically, the transfers allegedly made to Motorcars are identified in Exhibit 14 of Plaintiff's Amended Complaint, and consist entirely of transfers allegedly made between January 2023 and September 2024 by Centurion TS and Alpha Trader Entities, which Plaintiff refers to collectively as the "Centurion Entities."

As explained in Motorcars' Motion to Dismiss, however, Plaintiff does not describe with any specificity anywhere in the Amended Complaint what role these "Centurion Entities" (or their owner, Alejandro Santiesteban) played in the "Ponzi scheme." Also conspicuously missing from Plaintiff's Amended Complaint are any allegations that the Centurion Entities ever solicited investor funds, received investor funds, and/or were insolvent (or near insolvency) at the time the alleged payments were made to Motorcars in 2023 and/or 2024. Rather, Plaintiff merely asserts that "the Receivership Entities" (collectively as a group) were insolvent and acting "in furtherance of their fraudulent and/or Ponzi scheme." *See* Amended Complaint, [ECF No. 52, at ¶¶ 133, 134]. Motorcars respectfully submits that these conclusory statements are insufficient to withstand Motorcars' Motion to Dismiss under Rule 9(b)'s heightened pleading requirements.

Plaintiff similarly argues in the Response that its claims for constructive fraudulent transfer are adequately pled because as a matter of law, a Ponzi scheme is insolvent from inception. *See* Response, at p. 5. [ECF No. 79]. This argument fails for the same reason explained above. While Plaintiff alleges, albeit in conclusory fashion, that the Receivership Entities engaged in a Ponzi scheme, Plaintiffs do not allege any specific facts regarding the Centurion Entities role in the alleged Ponzi scheme, much less how the alleged transfers to Motorcars in the pertinent time period rendered these entities insolvent (or nearly insolvent).

Lastly, Plaintiff argues that Motorcars' position in its Motion to Dismiss that Plaintiff is required to allege additional facts regarding the lack of reasonably equivalent value and relevant


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

financial conditions of each transferor is improper, as Plaintiff is not required to plead around Motorcars' anticipated affirmative defenses. *See* Response, at p. 6 [ECF No. 79]. This argument is also misplaced insofar as Plaintiff is required to plead and prove these facts, including (i) that the transferor did not receive reasonable value in exchange for each transfer; and (ii) that the transferor was either insolvent or would be rendered insolvent by virtue of the transfer, in order to state a cognizable claim for constructive fraudulent transfer. *See* Fla. Stat. §726.105(1)(b)(1)-(2). Therefore, requiring Plaintiff to allege these facts with a even a modicum of specificity is necessary in order for Plaintiff to state a prima facie case for fraudulent transfer, not to require Plaintiff to "plead around" Motorcars' anticipated defenses.

## II. Despite Plaintiff's Argument to the Contrary, the Amended Complaint is a Shotgun Pleading.

Plaintiff argues in the Response that the Amended Complaint is not a shotgun pleading because the Amended Complaint: (1) does not include counts that incorporate all preceding counts; (2) purportedly includes "extensive details" related to the alleged Ponzi scheme orchestrated by the Receivership Entities; and (3) includes "wherefore" clauses which specify that the Receiver is seeking a money judgment against each Defendant in the full amount of the transfers to each Defendant. Response, at p. 8 [ECF No. 79].

Respectfully, Plaintiff's argument once again misses the points raised by Motorcars in its Motion to Dismiss. Specifically, a Complaint that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which acts constitutes a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F. 3d 1313, 1321-23 (11th Cir. 2015).

As explained further in Motorcars' Motion to Dismiss, in order to prevail on its claims for fraudulent transfer, Plaintiff is required to plead and prove that the Receivership Entities were


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937

either insolvent or nearly insolvent when the subject transfers were made, and that the defendant received such transfers without providing reasonably equivalent value for each such transfer. With respect to Motorcars, however, the Amended Complaint merely lumps approximately two (2) dozen defendants together, and in doing so, fails to identify which Defendant is responsible for which acts; which Receivership Entity was allegedly insolvent when payment was made to Motorcars; which transfer(s) to Motorcars purportedly lacked reasonably equivalent value; and/or the specific conduct attributable to Motorcars which renders its retention of any transfers inequitable. It is Plaintiff's failure to parse out and plead these facts as they pertain specifically to Motorcars which causes the Amended Complaint to constitute a shotgun pleading and therefore subject to dismissal.

## CONCLUSION

WHEREFORE, for the reasons stated above, and for the reasons set forth in Defendant, Motorcars Leasing, LLC's Motion to Dismiss, Motorcars respectfully requests that the Court enter an Order dismissing Plaintiff's Amended Complaint, and award such other and further relief that the Court deems just and proper.

Dated: this 8th day of October, 2026

Respectfully submitted,

**LEGON FODIMAN & SUDDUTH, P.A.**
*Attorneys for Motorcars Leasing, LLC*
121 Alhambra Plaza, Suite 1505
Coral Gables, Florida 33134
Telephone: (305) 444-9991

By: */s/ Todd A. Fodiman*
TODD A. FODIMAN
Florida Bar No.: 612189
Email: tfodiman@lpflaw.com
JEFFREY A. SUDDUTH
Florida Bar No.: 169950
Email: jsudduth@lpflaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served via CM/ECF on this 8th day of October, 2026, which will provide notice of same to: Counsel of record.

By: __*/s/ Todd A. Fodiman*_________
TODD A. FODIMAN


LAW OFFICES LEGON FODIMAN & SUDDUTH, P.A.
121 ALHAMBRA PLAZA, SUITE 1505, CORAL GABLES, FLORIDA 33134 • TEL: (305) 444-9991 • FAX: (305) 444-9937